UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ABRAITIS,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent.

Case No. 14-cv-14434
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE [7] AND ADMINISTRATIVELY CLOSING THE CASE**

    Petitioner Mark Abraitis, an inmate at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1, Pet.) The Petition challenges Abraitis' state-court convictions for, among other crimes, first-degree premeditated murder, Michigan Compiled Laws § 750.316(1)(a).

    On January 5, 2015, Abraitis filed a Motion to Stay the Proceedings and Hold the Petition in Abeyance. (Dkt. 7, Mot. to Stay.) He wishes to return to state court to exhaust a claim of "jury bias." (*Id.* at 1.) For the reasons that follow, the Court will grant the request, stay the Petition, establish conditions under which Abraitis must proceed, and administratively close the case.

**I. BACKGROUND**

    Abraitis was convicted following a jury trial in the Saginaw County Circuit Court. His conviction was affirmed on appeal. *People v. Abraitis*, No. 309955 (Mich. Ct. App. Feb. 21, 2013); *lv. den.* 495 Mich. 852; 836 N.W.2d 170 (2013). On November 14, 2014, Abraitis filed his habeas petition. He seeks relief on the same claims that he raised and exhausted in the Michigan appellate courts. (Pet. at 6–11.)

Abraitis now seeks to hold his Petition in abeyance while he returns to state court to exhaust an additional claim regarding jury bias. (Mot. to Stay at 1.) He says that he only recently discovered the factual predicate of this claim. Apparently, a friend of his logged in to Facebook after the trial and made discoveries regarding two of the jurors in Abraitis' case. According to Abraitis, one juror contacted the murder victim's family on Facebook after the trial, expressed her condolences, and "bragged" that she had never considered convicting Abraitis of the lesser charge of second-degree murder. (*Id.* at 2.) Another juror made similar statements via her Facebook account. (*Id.* at 3.) And the first juror thanked the second for supporting her during the deliberations. (*Id.*)

Abraitis contends that this evidence shows that at least some of the jurors had a preconceived bias against him and failed to answer truthfully during voir dire. (*Id.* at 4.) Respondent has not filed a response to the Motion to Stay. (*See* Dkt.)

## II. DISCUSSION

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson*, 139 F. 3d 491, 493 (5th Cir. 1998). This is so even with respect to fully exhausted federal habeas petitions. *See Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F. 3d 69, 83 (1st Cir, 2002)).

In many instances though, the outright dismissal of a habeas petition to allow a petitioner to exhaust state remedies might result in a time-bar when the petitioner returns to federal court due to the one-year statute of limitations contained in the Antiterrorism and Effective Death

Penalty Act ("AEDPA"). 28 U.S.C. 2244(d)(1); *see also Hargrove v. Brigano*, 300 F.3d 717, 720–21 (6th Cir. 2002). In this case, AEDPA's one-year statute of limitations does pose a concern, as the Michigan Supreme Court denied Arbraitis' application for leave to appeal on September 3, 2013 and he filed his Petition on November 19, 2014, leaving him less than a month on the one-year clock at the time he filed this case.[1] Further, there is no statutory tolling while a habeas petition is pending before a federal court. *Duncan v. Walker*, 533 U.S. 167, 173 (2001). However, equitable tolling is available in limited circumstances. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

The Supreme Court has addressed the procedure by which a district court may stay a "mixed" petition (one that consists of both exhausted and unexhausted claims). *See Rhines v. Weber*, 544 U.S. 269 (2005) ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims . . . even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his claims are plainly meritless . . . . [and] if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all."). But *Rhines* is not directly applicable to Abraitis' situation, for his current Petition contains only exhausted claims.

This Court recently considered a motion to stay a fully-exhausted habeas petition, concluding that

> where, as here, a habeas petition contains only exhausted claims, and the petitioner seeks to stay the petition so that he can return to state court on unexhausted claims not yet part of the petition, the Court believes that its

---

[1] The additional ninety days in which Abraitis could have filed a petition for certiorari in the United States Supreme Court is included in the tolling period. *See Ali v. Tennessee Bd. of Pardon & Paroles*, 431 F.3d 896, 899 (6th Cir. 2005) (citing *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc)).

> discretion to stay the petition is informed both by the potential for parallel federal habeas and state post-conviction proceedings and *Rhines*. Chief among these considerations is the apparent merit of the unexhausted and exhausted claims, and, relatedly, whether this Court would benefit from a state-court ruling on the unexhausted claims. But *Rhines*' 'good cause' requirement is not irrelevant: the Court is less likely to find parallel-litigation unfairly prejudicial to a habeas petitioner if the petitioner lacks a good reason for having created that potential in the first place.

*Thomas v. Stoddard*, No. 14-CV-13232, --- F. Supp. 3d. ---, 2015 WL 927076, at *4 (E.D. Mich. Mar. 5, 2015).

Turning first to the potential for parallel federal habeas and state post-conviction proceedings, "[c]onsiderations of judicial economy support [a] district court's decision to withhold decision on [habeas] claims that could have been mooted by the pending state proceedings." *Nowaczk*, 299 F.3d at 78. Of course, "if the exhausted claims appear to be very clear bases for habeas relief, proceeding to adjudicate those claims" could save state resources. *Thomas*, 2015 WL 927076 at *5.

The Court cannot say that Abraitis' new claim is "plainly meritless." Petitioner claims that he was denied a fair trial because of juror bias and the concealment of that bias during voir dire. The Sixth Amendment guarantees the right to a trial by an impartial jury. *Duncan v. Louisiana*, 391 U.S. 145, 147–149 (1968). This constitutional standard requires that a defendant in a criminal case have a panel of impartial, "indifferent" jurors. *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). So perhaps this claim may give rise to the relief Abraitis seeks in the state courts. This new claim does not overlap—legally or factually—with Abraitis' exhausted claims. But even if the state denies relief on the juror-bias claim, the Court would still benefit from a determination by the state courts. Further, if this Court were to rule on Abraitis' exhausted claims before the state courts adjudicate his claim of juror bias, he would have the additional

burden to satisfy the second-or-successive petition requirements of 28 U.S.C. § 2244(b)(2). *See also Thomas*, 2015 WL 927076 at *5.

The Court does not anticipate prejudice to the Respondent in staying the case, especially where no response to the Motion to Stay has been filed. But Abraitis could be prejudiced by the burden of litigating simultaneous cases in federal and state court.

The Court also finds that Abraitis has demonstrated good cause for his failure to raise this jury bias claim in the state courts. He appears to argue that he could not raise this claim earlier in the state courts because he only recently discovered the factual predicate of his claim. *See U.S. ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1043 (N.D. Ill. 2008).

Given the foregoing, the Court will stay this case and hold Abraitis' Petition in abeyance. Where, as here, a district court determines that a stay is appropriate pending exhaustion, the Supreme Court directs that the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Thus, petitioner must initiate his state post-conviction remedies within ninety days of entry of this Court's order and return to federal court within ninety days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *see also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the proceedings are STAYED and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within ninety days of entry of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the

original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After petitioner fully exhausts his new claim, he shall file an amended petition that includes the new claim within ninety days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition. Because Arbraitis filed his motion to stay three months ago, the Court will equitably toll AEDPA's statute of limitations during each of the 90–day periods, thereby placing Arbraitis in the position he would have been in had the Court ruled on the motion soon after it was filed. *See Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) ("The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." (internal quotation marks omitted)).

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

IT IS SO ORDERED.

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE

Dated: April 7, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 7, 2015.

s/Jane Johnson<br>
Case Manager to<br>
Honorable Laurie J. Michelson